NICHOLS
v.
SMALLEY.

---

### NICHOLS v. SMALLEY and Another.

The granting of a new trial—the record showing no good cause for or against it—is not error.

A defendant cannot plead in abatement on account of a variance between the declaration and the writ, without craving *oyer* of the writ and reciting it in his plea.

*Thursday,
July* 11.
ERROR to the *Noble* Circuit Court.

DEWEY, J.—Debt by *Smalley* and *Jackson* against *Nichols*. The declaration contains two counts,—one on a sealed note, and the other for interest on moneys.   Pleas, *non est factum* to the first count, under oath; *nil debet* to the second count. On the trial, the plaintiffs produced a note executed by the defendant corresponding with that described in the declaration; but in which the words "at eight *per cent.* interest from date" had been inserted apparently after the execution of the instrument.   No other evidence was given.   The jury found a verdict for the defendant.   The Court, on the motion of the

plaintiffs, granted a new trial; and the cause was continued. At a subsequent term, the plaintiffs filed a new declaration containing three counts. The two first counts describe the same note on which the first count of the first declaration was founded. It was a note alleged to have been executed by the defendant, and purporting to be for the payment of 190 dollars and 12 cents, payable on or before the first day of *November*, 1840, with eight *per cent.* interest from date. The third count was on an *insimul computassent.* To the new declaration the defendant filed a plea in abatement under oath. The plea professed to crave *oyer* of the writ, and states that *oyer* was granted; but the writ was not recited. The plea then alleged a variance between the writ and the new declaration in this, that the writ named the plaintiffs as administrators of *Enoch Smalley*, whereas they had declared in their own right. The plea was rejected on the motion of the plaintiffs. The defendant, then, averring that the notes described in the first and second counts were one and the same note, alleged that after the execution of that note by the defendant, it had been fraudulently altered, without the defendant's knowledge or consent, by the insertion of the words "at eight *per cent.* interest from date," whereby it became void, &c. This plea was verified by affidavit. The plaintiffs replied in denial of the plea, and concluded to the country. The defendant took issue on the replication. *Nil debet* to the third count. Verdict and judgment for the plaintiffs. Motion for a new trial overruled. All the evidence given consisted of the note, and some testimony by the plaintiffs in explanation of the alteration.

The plaintiff in error contends that the Circuit Court erred in setting aside the first verdict. We, however, cannot pronounce that decision erroneous. We are not informed on what ground the new trial was granted. The record, indeed, shows no good cause for it; nor does it show there was none. If the new trial was granted because the evidence did not justify the verdict, in the opinion of the Court, that matter should have appeared. There might have been other and better reasons, which do not appear. We must presume the Circuit Court to have been right, until the contrary is made manifest.

May Term, 1844.

Nor was there any error in rejecting the plea in abatement. To have made the *oyer* efficient, the defendant should have recited the writ. There being no such recital, the plea stands as if no *oyer* had been craved. Without the *oyer* the plea was inadmissible. A defendant cannot plead in abatement on account of a variance between the writ and declaration without showing the writ. *Hole* v. *Finch*, 2 Wils. 393.

We think, however, the Court erred in refusing to grant a new trial. The evidence, on the part of the plaintiffs, in explanation of the alteration of the note was extremely slight, —almost none at all, and did not justify the verdict.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*H. Cooper*, *R. Brackenridge*, and *W. H. Coombs*, for the plaintiff.

*L. P. Ferry* and *D. Wallace*, for the defendants.